NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| G.O.D., INC. | |
| Plaintiff, | Civil Action No. 05-551 (PGS) |
| v. | |
| USF CORPORATION, INC. | **OPINION AND ORDER** |
| Defendant. | |

**SALAS, United States Magistrate Judge**

## I. INTRODUCTION

This case arises out an alleged breach of multiple interline trucking agreements. Plaintiff G.O.D., Inc. ("Plaintiff") claims that over a four-month period in 2004, Defendant USF Corporation, Inc. ("Defendant") failed to remit payment for over $1.3 million in services rendered. Defendant, in response, both contests the veracity of that figure and seeks to offset it against over $800K allegedy owed to its subsidiaries. Both parties have conducted discovery, engaged in arbitration, and participated in settlement discussions. Now, nearly three years after the inception of the case and two years since discovery closed, on the eve of trial, Plaintiff moves to preclude ten of the eleven witnesses ["the Witnesses"] identified by Defendant in its Final Pretrial Order witness list. The individuals at issue are: Paul Sugarman, Mary Hempeck, Elaine Tarrant, Kathy Berg, Sara Haack, John O'Sullivan, David Woodwyk, Fritz Gerding, Laurel Bobzien, and Staci White.[1] For the following reasons, Plaintiff's motion is **DENIED**.

---

[1] In addition to these ten witnesses, Defendant also named Bruce A. Kennedy in its witness list. Plaintiff does not seek to preclude Mr. Kennedy's testimony.

## II. BACKGROUND

On August 28, 2007, the undersigned conducted a pretrial conference in this case. At said conference, Plaintiff raised an objection to nearly all of Defendant's proposed witnesses. Rather than decide an issue of such significance during the pretrial conference and in light of the closely-approaching trial date, the undersigned gave the parties an expedited briefing schedule. Pursuant to said briefing schedule, on September 6, 2007, Plaintiff submitted a letter motion to preclude the Witnesses. Defendant filed its opposition on September 14, 2007, and Plaintiff replied on September 19, 2007. Defendant submitted an improper sur-reply on September 19, 2007 that will not be considered for purposes of deciding this motion.[2]

## III. ANALYSIS

Plaintiff raises two arguments in support of preclusion: 1) Defendant's alleged failure to identify the Witnesses during pretrial discovery; and 2) the anticipated use of the Witnesses' testimony to circumvent Judge Shwartz's November 22, 2005 Order.[3] The Court will address each argument in turn.[4]

---

[2] Pursuant to L. Civ. R. 7.1(d)(6), sur-replies are not accepted without permission of the court. Said permission was never granted. Moreover, Plaintiff's reply brief raised no new issues of law that would warrant submission of a sur-reply brief. Therefore, for purposes of this motion to preclude, the Court will not consider arguments made in Defendant's September 19, 2007 sur-reply.

[3] *See infra,* Part III.B, for an explanation of Judge Shwartz's Order.

[4] The Court notes that Plaintiff's opening and reply briefs contain nary a reference to a single federal case. It is difficult to imagine how a party that is asking for as severe a sanction as preclusion of almost all of its adversary's witnesses could do so without referencing a single case and without exploring in detail the language of the relevant Federal Rules of Civil Procedure. While the Court understands that this is an informal motion, the lack of formality does not give Plaintiff free reign to avoid analyzing pertinent case law.

**A.     Failure To Identify Witnesses Pursuant to Rule 26**

Plaintiff first alleges that Defendant failed to identify any of the Witnesses in pretrial discovery.  During the August 28, 2007, pretrial conference before the undersigned, Defense counsel indicated his recollection that "these witnesses were identified in our Rule 26 disclosures."  (Aug. 28, 2007 Pretrial Conference, Tr. 14:21-23).  Had they been identified as Counsel suggested, this motion would be an easy one for the Court to resolve.  Apparently, however, having now refreshed his recollection, he acknowledges that only Bruce Kennedy's name appeared in a Rule 26 disclosure and that none of the other Witnesses were disclosed in writing prior to the close of discovery.  (Def. Br. at 9).  This is in spite of the fact that Plaintiff propounded an Interrogatory asking Defendant to identify each person "whom [it] intends to call at trial."  (Pl. Br., Ex. E).  Defendant's only response is to suggest that Plaintiff knew the identities of at least four of the proposed witnesses, having participated in a settlement call with them on June 10, 2005.  (Def. Br. at 9).

Federal Rule of Civil Procedure 26(e)(2) states:

> A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not *otherwise been made known to the other parties during the discovery process* or in writing.

Fed. R. Civ. P. 26(e)(2) (emphasis added).  This Court will leave open for the moment the question of whether or not the attendance of certain witnesses at a settlement conference is enough to bring the party within the scope of the "otherwise been made known" language of Rule

26(e)(2). Even if Defendant's four witnesses are found to have been disclosed during the aforementioned settlement conference, six others remain unaccounted for.

Having found that at least six witnesses were not properly disclosed during discovery, this Court moves to a Rule 37(c)(1) harmless-error analysis. Under Fed. R. Civ. P. 37(c)(1),

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use at a trial, at a hearing, or on a motion any witness or information not so disclosed.

The Third Circuit, in *Nicholas v. Pennsylvania State University*, 227 F.3d 133 (3d Cir. 2000), offers four factors to guide lower courts in their analysis of harmless error. Those four factors are: (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or wilfulness in failing to comply with a court order or discovery obligation. *Id.* at 148.

In the instant matter, Plaintiff, at the very latest, first learned of the Witnesses during the final pretrial conference before Judge Shwartz on September 28, 2005. The proposed final pretrial order that was the subject of said conference contained the names of the same ten disputed witnesses as represented in the current pretrial order. During Judge Shwartz's colloquy with counsel, the following exchange occurred:

> The Court: [D]oes the plaintiff object to any of the defendant's witnesses on either evidentiary or discovery grounds?
> Mr. Pearce (counsel for Plaintiff): No, Your Honor.

(Sep. 22, 2005 Tr. 16:24 - 17:2).  Not only did Plaintiff's counsel fail to object to any of the Witnesses, but he was on notice as of that point that USF intended to call them at trial.  Since that time, over two years ago, he has made no effort to depose or further inquire as to any them.  Defendant points the Court to an analogous case in this District that appears to provide some guidance.  In that case, *Lentz v. Mason,* 32 F.Supp.2d 733 (D.N.J. 1999), the Court found that Defendants had notice of a Plaintiff's intention to call a witness at the time of the filing of the final pretrial order, even though said witness had not been disclosed prior to that date.  *Id.* at 740.  Since that time, Defendants had "ample opportunity to depose [the witness] or perform any other appropriate investigation."  *Id*.  Having failed to do so, however, the Court concluded that Defendants had not suffered any prejudice from Plaintiff's failure to properly identify the individual in pretrial discovery.  *Id.* at 741.

     So too here.  It has been two years since the pretrial conference before Judge Shwartz.  During that time, like the plaintiff in *Lentz*, G.O.D. has made no effort to depose or investigate the ten disputed witnesses listed in the September 28, 2005 pretrial order.  Moreover, the evidence indicates Plaintiff's repeated assent to the proposed witness list.  On November 4, 2005, Defendant wrote to Plaintiff requesting to add another witness to the already-finalized pre-trial order.  Plaintiff rejected said request, responding as follows: "The Pre-Trial Order in this matter has been finalized.  Since you failed to identify Mr. Lenters in the Pre-Trial Order, I have no choice but to object to any proposed changes or additions to the Order.  Please be guided accordingly."  (Def. Br., Ex G).  Then, nearly two years later, counsel for both parties exchanged correspondence with regard to the proposed pretrial order for the August 28, 2007 conference before the undersigned.  Plaintiff, in writing, stated, "I am in receipt of the proposed PreTrial

Order. Please be advised that I have no changes to same." (Def. Br., Ex. N). Having failed to object on multiple occasions during the past two years, Plaintiff finally raised an objection on August 28, 2007, nearly two months before the October 22nd trial date, to the admissibility of the Witnesses.

This Court will not countenance the two-year delay in raising this objection. Given the evidence before it, the undersigned concludes that the lack of prejudice arising out of said two-year delay militates in favor of finding as harmless error, pursuant to the *Nicholas* test, any apparent non-disclosure of the Witnesses during pretrial discovery.[5]

### B.   Judge Shwartz's November 22, 2005 Order

Next, Plaintiff argues that allowing the Witnesses to testify would be tantamount to allowing Defendant to circumvent Judge Shwartz's November 22, 2005 Order. By way of background, Judge Shwartz's November 22, 2005 Order punished Defendant for failing to adequately participate in discovery. Specifically, Judge Hochberg, in her March 22, 2005 Pretrial Scheduling Order, had directed each party to produce all proofs of delivery. (Docket Enry # 7). Defendant failed to produce proofs of delivery to substantiate its claims of offset until well after the close of discovery. Left with no other choice and finding Defendant to be without good cause, Judge Shwartz ordered that Defendant to be "barred from introducing proofs of delivery and invoices/proofs not produced during the course of discovery." (Docket Entry # 29). However, along with the underlying proofs of delivery, Defendant had produced a summary chart showing a high-level view of its total offset monies. Plaintiff never lodged an objection to said

---

[5] Because the Witnesses are admissible pursuant to a harmless-error analysis, the Court leaves for another day the earlier question of whether the appearance of four of them at a settlement conference is enough to bring them within the confines of Rule 26(e).

summary chart, and therefore it was admitted by Judge Shwartz into evidence. Judge Shwartz's Order, moreoever, said nothing about the ability of witnesses to testify independently regarding either the summary chart or specific transactions; rather, it simply prohibited Defendant from introducing or relying upon any precluded documentation that would support the summary chart or a witness's recollection.

This Court will not expand the scope of Judge Shwartz's Order to encompass preclusion of oral testimony by Defendant's witnesses. Surely a witness can testify to the numbers on the summary chart as well as to other events or transactions in question. The witness, cannot, however, introduce or rely upon actual proofs of delivery or other receipts to support its testimony.[6] Plaintiff attempts to expand the scope of Judge Shwartz's Order; while her sanction was severe, though, it was not so severe as to prevent Defendant from putting relevant fact witnesses onto the stand.

### III. CONCLUSION

Having considered the parties' submissions, this Court denies Plaintiff's motion to preclude. To the extent that Defendant attempts to introduce written documentation to support a witness's oral testimony, in violation of Judge Shwartz's November 22, 2005 Order, that

---

[6] On a related note, Plaintiff attempts to explain away its two-year delay in raising the instant objection by reminding the Court that Judge Shwartz did not issue her preclusion order until nearly two months after the September 28, 2005 pretrial conference. Thus, Plaintiff believes that a motion to preclude was not yet ripe because underlying documentary evidence had not yet been ruled inadmissible. This argument misses the mark. To the extent that Plaintiff objects to the Witnesses on Rule 26 grounds, that objection was ripe the minute the Witnesses were placed into the proposed pretrial order (i.e., September 28, 2005). And to the extent that Plaintiff additionally objects on the grounds that the Witnesses will circumvent Judge Shwartz's preclusion order, that motion was ripe as of the date of issuance of the Order (i.e., November 28, 2005).

objection shall be lodged at trial or via a motion *in limine* before the Honorable Peter G. Sheridan, United States District Judge.

      Finally, Defendant raises the issue of attorneys' fees.  This Court will not order attorneys' fees based upon a two-paragraph request in Defendant's opposition brief.  (Def. Br. 14-15).  Should Defendant wish to move for attorneys' fees, said motion shall proceed along an appropriate briefing schedule.

**SO ORDERED.**

Dated: October 2, 2007            s/ Esther Salas
                                            **ESTHER SALAS**
                                            **UNITED STATES MAGISTRATE JUDGE**